UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**NICOLE M. o/b/o A.Z.D., a minor,**[1]

    **Plaintiff,**

v.                                                                            Civil No. 2:24cv372

**FRANK BISIGNANO, Commissioner**
**of Social Security,**

    **Defendant.**

## FINAL ORDER

Nicole M., on behalf of her minor child, A.Z.D. ("Plaintiff"), and with the assistance of counsel, brought this action seeking judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff's application for Supplemental Security Income under the Social Security Act. ECF No. 1. The United States Magistrate Judge assigned to this case issued a Report and Recommendation ("R&R") recommending affirmance of the Commissioner's final decision. ECF No. 13. Plaintiff timely objected. ECF No. 14. For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the R&R, and **AFFIRMS** the final decision of the Commissioner.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts use only the first name and last initial of any non-government parties in Social Security cases due to privacy concerns endemic to such cases. For similar reasons, and consistent with Federal Rule of Civil Procedure 5.2, the Court identifies A.Z.D., a minor, by initials only.

### A. Procedural Background

This matter was referred to a United States Magistrate Judge to prepare and submit an R&R pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). ECF No. 6. On June 30, 2025, the Magistrate Judge issued a detailed R&R recommending that the Commissioner's final decision be affirmed. ECF No. 13. The R&R gave notice to each party of the right to file written objections. Id. at 23-24.

On July 14, 2025, Plaintiff advanced two such objections. ECF No. 14. First, Plaintiff objected to the Magistrate Judge's recommendation that the administrative law judge ("ALJ") adequately evaluated the medical opinion of Dr. Kelly Maples, who provided medical treatment to Plaintiff. Id. at 1-3. Second, Plaintiff objected to the Magistrate Judge's recommendation that certain claimed inconsistencies in the ALJ's decision neither preclude meaningful judicial review nor warrant remand to the agency. Id. at 3-5.

The Commissioner filed a timely response to Plaintiff's objections on July 23, 2025. ECF No. 15. The matter is now ripe for this Court's review.

### B. Standard of Review

On consideration of a dispositive motion that was referred to a Magistrate Judge, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been

2

properly objected to." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1)(B). "To trigger de novo review" of a given issue in the Magistrate Judge's recommended disposition, "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). Apart from such specific objections, a district court reviews a Magistrate Judge's recommendation "for clear error only." Id. (citing Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005)).[2]

In an appeal from an agency denial of Social Security benefits, this Court's review "is limited to determining whether the [agency's] findings . . . are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citations omitted). Although the substantial evidence standard demands "more than a mere scintilla," it requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (citations omitted);

---

[2] Here, the Court perceives no clear error in any of the Magistrate Judge's findings or recommendations to which no party specifically objected. See Elijah, 66 F.4th at 460.

accord Oakes v. Kijakazi, 70 F.4th 207, 212 (4th Cir. 2023) (quoting Biestek, 587 U.S. at 103).

On review, this Court does not "'re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment' for the ALJ's." Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 95 (4th Cir. 2020) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). Instead, this Court asks "whether the ALJ examined all relevant evidence" and "offered a sufficient rationale in crediting certain evidence and discrediting other evidence." Drumgold v. Comm'r of Soc. Sec., 144 F.4th 596, 605 (4th Cir. 2025) (quoting Shelley C. v. Comm'r of Soc. Sec. Admin., 61 F.4th 341, 353 (4th Cir. 2023)). "To pass muster, ALJs must build an accurate and logical bridge from the evidence to their conclusions." Oakes, 70 F.4th at 212 (quoting Arakas, 983 F.3d at 95); see also Drumgold, 144 F.4th at 605 (similar). Remand to the agency is warranted if this Court "see[s] an error [and] find[s] it harmful." Drumgold, 144 F.4th at 605 n.9 (citations omitted).

### C. Discussion

#### 1. The ALJ's Analysis of the Consistency of Dr. Maples's Opinion

Plaintiff's first objection challenges the ALJ's asserted failure adequately to address the "consistency" of Dr. Maples's medical opinion with the other evidence in the record. ECF No. 14, at 2. As that record evidence makes clear, Plaintiff suffers from several "medically determinable impairments." R. at 23. The

4

ALJ could have concluded that Plaintiff is disabled if the ALJ had been persuaded that those impairments, taken together, "functionally equal the listings." 20 C.F.R. § 416.924(d)(2).[3] But to make such a "functional equivalence" finding, an ALJ must first find that a child's impairments "result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." 20 C.F.R. § 416.926a(a).[4] In this case, the ALJ found that Plaintiff does not suffer such limitations and therefore that Plaintiff's impairments do not "functionally equal[] the severity of the listings." R. at 25.

In making that determination, the ALJ considered, among other things, "objective medical evidence and other relevant evidence from medical sources," including "the medical opinion of Kelly Maples, MD." R. at 25, 29. While ALJs must consider a variety of enumerated factors when weighing medical opinions, 20 C.F.R. § 416.920c(c), they must in particular "explain how [they] considered" the factors of "supportability" and "consistency," which the applicable regulation deems "the most important factors," 20 C.F.R. § 416.920c(b)(2).[5]

---

[3] The "listings" of qualifying impairments appear at 20 C.F.R. Part 404, Subpart P, Appendix 1.

[4] The six domains of functioning are "(i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others; (iv) Moving about and manipulating objects; (v) Caring for yourself; and, (vi) Health and physical well-being." 20 C.F.R. § 416.926a(b)(1).

[5] "ALJs deciding how much weight to give a medical source normally focus on the two factors they are required by rule to explain," namely "supportability

5

Here, the ALJ found Dr. Maples's opinion only "partially persuasive," and he specifically rejected "her determination that the claimant has 'marked' limitation in the domain of Health and Physical Well-Being." R. at 29. In so doing, Plaintiff argues, "the ALJ failed to adequately address the factor of consistency" as required by 20 C.F.R. § 416.920c(b)(2). ECF No. 14, at 2.

Upon de novo review, this Court agrees with the Magistrate Judge's conclusion that "the ALJ sufficiently explained the . . . consistency factor[]" in evaluating Dr. Maples's opinion, ECF No. 13, at 20, thereby satisfying the applicable regulation. The ALJ explicitly identified "consistency with other evidence" as a factor to be considered in his evaluation of the persuasiveness of medical opinions. R. at 29 (citing 20 C.F.R. § 416.920c(a)). The ALJ then proceeded to identify inconsistencies between Dr. Maples's conclusion and other evidence in the record. Id.; cf. Drumgold, 144 F.4th at 605 ("The ALJ only needs to say . . . whether [each] source's conclusions are supportable by medical evidence and consistent with the rest of the record."); Zaborowski v. Comm'r of Soc. Sec., 115 F.4th 637, 639 (3d Cir. 2024) ("[A] judge need not reiterate the magic words 'support' and 'consistent' for each doctor."). The ALJ specifically noted that evidence from "the longitudinal record"

---

and consistency." Drumgold, 144 F.4th at 605-06. "[C]onsistency roughly means how well the medical opinion lines up with other material in the record." Id. at 606.

and other material in Dr. Maples's own opinion were incompatible with Dr. Maples's determination that Plaintiff has a "marked" limitation in the domain of health and physical well-being:

> Dr. Maples's ["marked" limitation] determination is based on a notation in the claimant's medical record that he had a severe asthma exacerbation that required the administration of oral corticosteroids in July, 2022. Dr. Maple[s] diagnosed the claimant with severe persistent asthma, and she wrote letters on behalf of the claimant to assist him in eliminating asthma triggers at home. <u>But</u> the longitudinal record and Dr. Maple[s]'s opinion show[] the claimant manages his symptoms with a combination of inhaled medicine and a nebulizer. <u>Moreover</u>, Dr. Maple[s] examined the claimant in March, 2023, and stated that spirometry testing and examination findings were normal.

R. at 29 (emphasis added)(citations omitted).

Plaintiff nonetheless contends that the ALJ "provided no logical bridge from" the referenced longitudinal record evidence to his rejection of Dr. Maples's "marked" limitation determination. ECF No. 14, at 2. This Court disagrees. The ALJ clearly stated his conclusion that Dr. Maples's "marked" limitation determination failed to persuade him, R. at 29, "then followed this statement with [] citation[s] to conflicting evidence," <u>Drumgold</u>, 144 F.4th at 607, including evidence that "claimant manages his symptoms with a combination of inhaled medicine and a nebulizer" and that "spirometry testing and examination findings were normal" during a March 2023 medical examination, R. at 29. The ALJ also discussed this evidence in greater detail earlier in his decision, having observed that "the

7

allegations concerning the intensity, persistence and limiting effects of [Plaintiff's] symptoms are not entirely consistent with the medical evidence and other evidence in the record." R. at 26-27; see John R. v. Kijakazi, No. 2:22cv47, 2023 WL 2682358, at *4 (E.D. Va. Mar. 29, 2023) ("[A]n ALJ may reference earlier discussions of record evidence, instead of repeating himself, as long as a reviewing court, when considering the decision as a whole, can properly conclude that the ALJ's findings are supported by substantial evidence.").

"Reading the ALJ's decision as a whole," Smith v. Astrue, 457 F. App'x 326, 328 (4th Cir. 2011), the Court is satisfied that the ALJ both adequately addressed the consistency of Dr. Maples's opinion and, having done so, reached a conclusion as to its persuasiveness (and, ultimately, as to the severity of Plaintiff's limitations) that was supported by substantial evidence. The Court thus overrules Plaintiff's first objection.

### 2. Claimed Internal Inconsistencies in the ALJ's Opinion

Plaintiff's second objection challenges the Magistrate Judge's recommendation against remand notwithstanding two claimed inconsistencies in the ALJ's decision. According to Plaintiff, these inconsistencies "preclude meaningful review" by this Court. ECF No. 14, at 3.

Each of the two "conflicting findings" Plaintiff identifies in the ALJ's decision relates to the severity of Plaintiff's

8

limitation (or lack thereof) in a given domain of functioning. See id. Before analyzing each domain in detail, the ALJ outlined his conclusions with respect to all six domains in a bulleted list, stating in relevant part that he found "<u>no</u> limitation in interacting and relating with others" and "<u>no</u> limitation in moving about and manipulating objects." R. at 25. Plaintiff claims that the ALJ's subsequent, detailed explanations of his findings, which he supported with discussions of relevant record evidence, R. at 26-30, introduced "discrepancies [that] were not explained" and now require remand to redress. ECF No. 14, at 3-4.

Remand would be appropriate if "inadequacies in the ALJ's analysis frustrate meaningful review." <u>Mascio v. Colvin</u>, 780 F.3d 632, 636 (4th Cir. 2015) (citation omitted). But the Court's <u>de novo</u> review confirms the absence of such inadequacies here. The ALJ's decision does not "leave[] [the Court] to wonder" what the ALJ ultimately found with respect to the two domains at issue, notwithstanding the claimed inconsistencies Plaintiff has identified. <u>Id.</u> at 638. Nor is the Court left "unable to fathom the [] rationale in relation to evidence in the record," <u>Britt v. Saul</u>, 860 F. App'x 256, 262 (4th Cir. 2021) (citation omitted), since the ALJ's decision includes fulsome analyses of the record evidence pertaining to each of the two domains of functioning at issue.

First, Plaintiff focuses on the domain of "interacting and relating with others," arguing that "[t]he ALJ initially found [in his bulleted list] that Plaintiff has <u>no</u> limitations in interacting and relating with others, but later – in the body of the discussion – . . . found [Plaintiff] has <u>less than marked limitations</u>" in this area. ECF No. 10, at 9; <u>accord</u> ECF No. 14, at 3.

Like the Magistrate Judge, ECF No. 13, at 14, the undersigned does not doubt that the ALJ in fact concluded Plaintiff "has <u>less than marked</u> limitation in interacting and relating with others," R. at 28. The ALJ detailed substantial evidence supporting his "less than marked" conclusion. <u>See, e.g.</u>, R. at 28 (weighing Plaintiff's "major depression, anxiety, and PTSD" against "positive" evidence of "normal mental status examinations, good behavior, and a pleasant and cooperative presentation"). In addition, the ALJ <u>twice</u> specifically rejected state agency consultants' findings of "no limitation in this domain." R. at 28 ("The State agency consultants at the initial and reconsideration levels determined the claimant has no limitation in this domain of functioning. . . . I find that those determinations are not entirely consistent with the longitudinal evidence."); R. at 29 ("Specifically, I do not accept the concurring opinion of the State agency consultants that the claimant has no limitation in the domain of interacting and relating with others."). Given the ALJ's subsequent explanation, including his invocation and analysis of

10

relevant record evidence, R. at 28-29, the evidently inadvertent designation of "no limitation" in this domain in the ALJ's bulleted list of findings, R. at 25, does not preclude this Court's meaningful review and does not warrant remand.

Second, Plaintiff turns to the domain of "moving about and manipulating objects." ECF No. 10, at 10; accord ECF No. 14, at 3-4. Here again, as Plaintiff notes, the ALJ's bulleted list stated that "Plaintiff has no limitations" in this domain. ECF No. 10, at 10; see R. at 25. But according to Plaintiff, the ALJ "later — in the body of the discussion — conclud[ed] that [Plaintiff] has marked limitations in the area of moving about and manipulating objects." ECF No. 10, at 10.

Contrary to Plaintiff's view, it is clear to this Court, as it was to the Magistrate Judge, ECF No. 13, at 15-19, that the ALJ concluded Plaintiff has "no limitation in moving about and manipulating objects." R. at 25, 28. There is simply no inconsistency between the ALJ's bulleted list and his subsequent analysis. R. at 25 (finding "no limitation in moving about and manipulating objects"); R. at 28 (same).

In that analysis, the ALJ detailed substantial evidence supporting the same "no limitation" conclusion he stated in the bulleted list. See, e.g., R. at 28 (noting that "the claimant's teachers unanimously agree the claimant has no limitation in this domain" and that "examinations show developmentally normal and

11

grossly intact neurological findings and normal digits"). Here again, the ALJ twice rejected a contrary finding by state agency consultants. R. at 28 ("The State agency consultants at the initial level determined the claimant has less than marked limitation in this domain of functioning. . . . I find the reconsideration determination [of no limitation] more persuasive."); R. at 30 ("I do not accept the finding of the State agency consultants at the initial level that the claimant has less than marked limitation in the domain of moving and manipulating objects.").

Despite this consistently repeated conclusion and the detailed explanation supporting it, Plaintiff strains to read an inconsistency into the ALJ's statement that "the longitudinal evidence read as [a] whole reflects more restrictive limitations" than the State agency medical consultants had determined. ECF No. 10, at 11 (quoting R. at 30). But that broad statement cannot bear the burden Plaintiff puts on it, as its context makes clear.

The statement appears in a paragraph discussing state agency consultants' views with respect to both "interacting and relating with others" and "moving and manipulating objects." R. at 29-30. As the opinion explains prior to the above-quoted statement, the state agency consultants at the reconsideration level had found "no limitation" in "interacting and relating with others" and "no limitation" in "moving about and manipulating objects." R. at 28-

12

30. The ALJ, in contrast, found "less than marked limitation" and "no limitation," respectively. R. at 28. In other words, the ALJ made one "less than marked limitation" finding and one "no limitation" finding, whereas the state consultants made two "no limitation" findings. The ALJ thus opined "that the longitudinal evidence read as [a] whole reflects more restrictive limitations than determined by the State agency medical consultants." R. at 30 (emphasis added); see ECF No. 13, at 17 ("[T]he [Magistrate Judge] does not interpret the final sentence of the ALJ's analysis to apply to the moving about and manipulating objects domain of functioning."). In doing so, the ALJ did not contradict his finding of "no limitation" in the domain of "moving about and manipulating objects," which his evidentiary analysis makes unambiguously clear. R. at 28, 30.

In short, in both instances, the ALJ "offered a sufficient rationale in crediting certain evidence and discrediting other evidence" that clearly "articulated [the ALJ's] view," making possible this Court's meaningful "review." Drumgold, 144 F.4th at 605 (citations omitted). The Court thus overrules Plaintiff's second objection.[6]

---

[6] Furthermore, even if either or both of the claimed inconsistencies constituted errors, such errors were not harmful. See Drumgold, 144 F.4th at 605 n.9. As the Magistrate Judge explained, ECF No. 13, at 15 n.6, 18, even if the ALJ had concluded that Plaintiff has a "less than marked" limitation in "interacting and relating with others" and a "marked" limitation in "moving about and manipulating objects" – the most that the claimed inconsistencies might suggest – the ALJ still could not have concluded that Plaintiff is disabled, because such a conclusion would

13

## D. Conclusion

For the foregoing reasons, the R&R is **ADOPTED**, Plaintiff's objections thereto are **OVERRULED**, and the final decision of the Commissioner is **AFFIRMED**. The Clerk is requested to forward a copy of this Final Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ *[signature]*
Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 26, 2025

---

require two marked limitation findings. See 20 C.F.R. § 416.926a(d). "No principle of administrative law or common sense requires [this Court] to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result." Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989) (citations omitted); Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (Hall, J., concurring) (similar).

14